Ham, Judge.
 

 The Plaintiff’s remedy, upon the covenant, does not depend upon the question, whether he has used all the diligence in applying to
 
 Blount
 
 for payment, and in ca.->e of non payment in giving notice to the Defendant, which the law requires of an endorsee of a negotiable instrument, before he can maintain a suit against the endorser. Strict- diligence in both respects, is held to he indispensable in the mercantile world,'and indeed was required of every person, (whether merchant or not) who became, a party to such instruments, until the case of
 
 Britain
 
 v.
 
 Johnston,
 
 decided at the last term,
 
 (ante
 
 293).
 

 If the Plaintiff is held to sue!) diligence in this case, it was unnecessary for him to procure the covenant from the Defendant, upon which he has brought suit.— Thai covenant, I think, has withdrawn the parties from the strict rules applicable to negotiable papers, and placed them upon the plain inartificial principles of justice and common sense 3 principles, which in the eyes of plain, untutored men, are not obscured by any technicalities Or refinements.
 

 The Defendant covenants that he will deliver to the Plaintiff notes of hand, such as lie will be responsible for the payment of. With respect to
 
 Blount’s
 
 note, which
 
 *375
 
 was one thus transferred, the Court directed the Jury, that “ if they should be of opinion, that it would bclost through
 
 Blounfs
 
 insolvency, they were to enquire whether the loss was owing to the laches and want of due diligence on the part of the Plaintiff, or whether it was owing to the insolvency or want of ability in
 
 Blount
 
 to pay. If the former, they ought to find for the Defendant j if it was owing to the insolvency of
 
 Blount,
 
 then they should find for the Plaintiff.” .Under this charge, (properly given, as I think,) the Jury found a verdict for the Plaintiff. I see nothing in the law or justice of the case, that ought to disturb it.
 

 There is another ground, on which, a new trial is moved
 
 for;
 
 that is, the rejection of the deposition. Why the deposition was not taken by the commissioners, chosen by both parties, does not appear. No reason is assigned, nor is any reason given, why the persons named in the commission, ought not to have taken it. As far as appears, they stood indifferent between the parties.
 

 It is stated farther, that the deposition was not certified under the seals of the commissioners, which the commission directed. If by this is meant, that seals were not affixed to their names, I cannot think the objection a good one, if from their certificates, it appears that they acted in the character of commissioners. When the deposition was taken, it. was their duty to return it to Court with the commission .under
 
 seal;
 
 it certainly was not to be sent open, subject to be inspected, or altered' by any body. I could wish that this part of the case bad been more fully stated. The deposition may be of importance to the Defendant: ■ I think it right that there should be a new trial therefore, on account of its rejection.
 

 Per Curiam. — Judgment reversed.